IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| YAN QING JIANG, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:18-CV-758-RP |
| | § | |
| THE TRAVELERS HOME AND MARINE | § | |
| INSURANCE COMPANY and | § | |
| DANA ELLEN PUSTKA; | § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiff Yan Qing Jiang's ("Jiang") Motion to Remand, (Dkt. 6), along with a response filed by Defendants Travelers Home and Marine Insurance Company ("Travelers") and Dana Ellen Pustka ("Pustka") (together, "Defendants"), (Dkt. 7). Defendants' response also contains a motion to dismiss Jiang's claims against Pustka. (*Id.* at 8). After considering the parties' arguments, the record, and the relevant law, the Court finds that Pustka is improperly joined and that Jiang's claims against her must be dismissed.

## I. BACKGROUND

Jiang filed this action in the 345th Judicial District Court of Travis County, Texas, on July 17, 2018. (Orig. Pet., Dkt. 1-1). Jiang alleges that her home was damaged in a storm and that Travelers (the insurer) and Pustka (the adjuster) failed to properly handle her insurance claim. (*Id.* at 2–5). Out of those allegations, Jiang asserts various claims against Defendants for violations of Texas law. (*Id.* at 3–5). Defendants removed the case to this Court on September 5, 2018, on the basis of this Court's diversity jurisdiction. (Dkt. 1). In their notice of removal, Defendants assert that Travelers is diverse from Jiang and argue that Pustka—who is not—was improperly joined. (*Id.* at 2).

1

Defendants also ask the Court to dismiss Jiang's claims against Pustka under Texas Insurance Code Ch. 542A.006. (Resp. Mot. Remand, Dkt. 7, at 8).

## II. LEGAL STANDARD

A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction "requires complete diversity— if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).

However, "the improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). To establish improper joinder, the removing party has the burden to demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Only the doctrine's second prong is before the Court here. (Not. Removal, Dkt. 1, at 10; Resp. Mot. Remand, Dkt. 7, at 4).

Under the second prong of the improper joinder doctrine, a defendant must establish "that there is no possibility of recovery by the plaintiff against an in-state defendant," which stated differently means "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. A court evaluates the reasonable basis of recovery under state law by "conduct[ing] a Rule 12(b)(6)-type analysis" or "pierc[ing] the pleadings and conduct[ing] a summary inquiry." *Id.*; *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207 (5th Cir. 2016) (stating that a court may use

either analysis, but it must use one and only one). The Court agrees with the parties that the Rule12(b)(6)-type analysis is appropriate here. (*See* Resp. Mot. Remand, Dkt. 14, at 4).

In conducting a 12(b)(6)-type analysis, federal pleading standards apply. *Int'l Energy Ventures*, 818 F.3d at 207. Accordingly, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

### III. DISCUSSION

Travelers is a citizen of Connecticut; Jiang and Pustka are both Texas residents. (Not. Removal, Dkt. 1, at 2; Mot. Remand, Dkt. 6, at 3). To establish this Court's jurisdiction, then, Travelers must establish that Pustka was improperly joined. Travelers argues that Pustka is improperly joined because Travelers elected responsibility under Texas Insurance Code Section 542A.006(a) (Resp. Mot. Remand, Dkt. 7, at 1–3). The Court agrees. Section 542A.006 requires dismissal of Jiang's claims against Pustka. Pustka is therefore improperly joined, and Jiang's claims against her must be dismissed.

Jiang's petition contains only a single sentence of factual allegations concerning Pustka: "Pustka conducted a pretextual and wholly insufficient investigation, the sole objective of which was to deny payment to Plaintiff." (Orig. Pet., Dkt. 1-1, at 3). Jiang then asserts two causes of action against Pustka. The first is a claim arising under the Texas Insurance Code: "Defendants violated numerous provisions of the [sic] Texas Insurance Code section 541.060." (*Id.* at 4). The second arises under the Texas Deceptive Trade Practices Act: "Defendants' conduct also violates the

3

Deceptive Trade Practices Act. Defendants' violations of the DTPA include, but are not limited to, committing unconscionable acts and making false representations." (*Id.*).

The Texas Insurance Code allows an insurer that is a party to a civil action to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant. Tex. Ins. Code § 542A.006(a). If the insurer elects to accept responsibility for the agent, a court must dismiss the action against the agent with prejudice. *Id.* § 542A.006(c). In its response to Jiang's motion to remand, Travelers provides written notice to Jiang that it elects to accept responsibility for her claims against Pustka. (Resp. Mot. Remand, Dkt. 7, at 1–2). The Court must therefore dismiss all of Jiang's claims against Pustka relating to Jiang's insurance claim. Tex. Ins. Code § 542A.006(c). Because all of Jiang's claims against Pustka relate to her insurance claim, the Court must dismiss all of Jiang's claims against Pustka with prejudice.

### IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Jiang's Motion to Remand, (Dkt. 6), is **DENIED**. Defendants' motion for dismissal contained within their response, (Dkt. 7), is **GRANTED**. Jiang's claims against Pustka are **DISMISSED WITH PREJUDICE**.

Additionally, because more than 60 days have elapsed since Defendants filed their notice of removal, (Dkt. 1), the Court's local rules require the parties to submit a proposed scheduling order. *See* W.D. Tex. Loc. R. CV-16(c). Accordingly, **IT IS FURTHER ORDERED** that the parties consult the website for the United States District Court for the Western District of Texas (www.txwd.uscourts.gov), the "Judges' Info" tab, "Standing Orders," "Austin Division," and submit a joint proposed scheduling order using District Judge Robert Pitman's form on or before **December 5, 2018**.

**SIGNED** on November 28, 2018.

_(signature)_
_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE